# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:07-CR-00065-LJO |
| Plaintiff, | **ORDER ON MOTION FOR RECONSIDERATION AND DOWNWARD DEPARTURE** (Docs. 27, 28, 29) |
| vs. | |
| CARLOS MEDINA, | |
| Defendant. | |

## INTRODUCTION

Carlos Medina ("Mr. Medina"), proceeding pro se, seeks reconsideration of the sentence imposed following his guilty-plea conviction for possession of methamphetamine with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. Mr. Medina requests reconsideration of his sentence, pursuant to Fed. R. Crim. P. 36 and 18 U.S.C. § 3582(c)(2). Mr. Medina also requests a downward departure. Having considered Mr. Medina's arguments, this Court DENIES Mr. Medina's motions for reconsideration and motion for downward departure.

## BACKGROUND

On March 15, 2007, Mr. Medina was indicted for the following offenses:

Count 1: Conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846

Count 2: Possession of methamphetamine with intent to distribute, aiding and abetting, in

violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2.

On September 17, 2007, Mr. Medina entered into a Rule 11(c)(1)(B) plea agreement with the government. Mr. Medina agreed to plead guilty to Count Two of the indictment. The government agreed to recommend a three-level reduction for acceptance of responsibility and a substantial assistance departure. Mr. Medina pled guilty to Count Two of the indictment and on December 3, 2007, he was sentenced to 131-months imprisonment. On April 23, 2012, Mr. Medina filed two motions for reconsideration and a motion for downward departure.

Having considered Mr. Medina's arguments and the relevant law, this Court issues this order.

## DISCUSSION

Mr. Medina requests the Court to reconsider his sentence in light of a memo issued by the Department of Justice ("DOJ") on January 31, 2012, regarding the DOJ's policy on early disposition or "Fast-Track" Programs. Mr. Medina requests reconsideration, pursuant to Fed. R. Crim. P. 36 and 18 U.S.C. § 3582(c)(2). He also requests a downward departure based on substandard pretrial/presentence confinement because he was not housed at a federal facility.

**A. Fed. R. Crim. P. 36**

Fed. R. Crim. P. 36 gives the district court the ability to correct clerical errors. "[I]t may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003); *see also United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) ("the provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve"). Accordingly, Mr. Medina's motion for reconsideration under Fed. R. Crim. P. 36 is DENIED.

**B. 18 U.S.C. § 3582(c)(2)**

"A federal court generally may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010) (internal quotation marks omitted).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted).

Mr. Medina requests the Court to reconsider his sentence in light of a memo issued by the DOJ. Mr. Medina does not argue that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, Mr. Medina has failed to satisfy the first prong of 18 U.S.C. § 3582(c)(2). Thus, Mr. Medina's motion for reconsideration under 18 U.S.C. § 3582(c)(2) is DENIED.

**C. Downward Departure**

Mr. Medina requests a downward departure based on substandard pretrial/presentence confinement because he was not housed at a federal facility. As discussed above, "[a] federal court generally may not modify a term of imprisonment once it has been imposed." *Dillon*, 130 S. Ct. at 2687 (internal quotation marks omitted). Accordingly, Mr. Medina's motion for downward departure is DENIED.

**CONCLUSION AND ORDER**

For the reasons discussed above, Mr. Medina's motions for reconsideration and motion for downward departure are DENIED.

IT IS SO ORDERED.

**Dated:   April 26, 2012**            /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE